## JOHNSON, appellant, v. KELLY.

*Pleading — action between partners — when demand for money judgment not demurrable.*

The complaint stated that plaintiff and defendant entered into partnership for a year; that by the partnership agreement the plaintiff was to furnish the capital and the plaintiff and defendant were to share the profits and losses equally, and that a loss accrued at the expiration of the partnership, for one-half the amount of which a money judgment was demanded. *Held,* not demurrable.

APPEAL from a judgment in favor of defendant entered upon an order made at the special term sustaining a demurrer to the complaint. The action was brought in Kings county by Rodolphus B. Johnson and another against Edward G. Kelly, to recover one-half of the loss accruing from a partnership transaction. The plaintiffs gave notice in their summons that in case of default they would take judgment for $1,688.38 with interest and costs, and their complaint was as follows:

I. "The plaintiffs respectfully complain to this court that on or

about the 20th day of July, 1869, at the city of New York, they entered into a partnership with the defendant under a written agreement in manner and form following:

'An agreement for a term of one year from the 20th day of July, 1869, by and between E. G. Kelly, Esq., of the first part, and R. B. Johnson, for self and C. T. Childs, of the second part, for the purpose of manufacturing of oil at the works of said Kelly. Witnesseth, that said Kelly, owning the fixtures and appurtenances belonging to the so-called New York City Oil Works, located at Hunter's Point., L. I., on land of Messrs. Root & Rust, doth hereby agree, for the above-mentioned term of time, to put in running order, and pay the rent for the same, for the above-mentioned purpose; and, Whereas, the said Johnson and Childs doth hereby agree to furnish a capital of $8,000 or $10,000 to be applied for the purpose of manufacturing oil at said Kelly's factory during said time. Profits to be equally divided and losses jointly borne, said Kelly one-half and said Johnson and Childs one-half. It is further agreed that whenever said Kelly shall cause, at his own expense, to be located on said premises a still of the capacity of two hundred bbls, in good order for distillation, then the said Johnson and Childs are to jointly pay one-half of said rent for the unexpired time, or to such time as the business may continue under the foregoing partnership. It is further understood that the said manufacturing, in all its details, shall be under the managing care of said Johnson. It is also agreed that said Kelly reserve for his own purpose the right of coopering and occupying the ground he now occupies, in rear of office, free of charge, until such time as might be deemed advisable by said Johnson, for all concerned, to connect said coopering with said manufacturing.

E. J. KELLY,<br>R. B. JOHNSON, for self<br>And C. T. CHILDS.'

II. "That according to the terms of said partnership, the said R. B. Johnson and C. T. Childs furnished moneys to the amount named in the above contract, and the said R. B. Johnson superintended the manufacture of oil at the works described therein, for the time specified in said contract.

III. "That at the expiration of said partnership, on the 20th day of July, 1870, there had been received to its credit forty thousand

and forty-one $\frac{37}{100}$ dollars, and there had been expended to its debit forty-three thousand four hundred and eighteen $\frac{13}{100}$ dollars, making a loss of three thousand three hundred and seventy-six $\frac{76}{100}$ dollars, one-half of which is sixteen hundred and eighty-eight $\frac{38}{100}$ dollars.

IV. "That said defendant has not paid the said sixteen hundred and eighty-eight $\frac{38}{100}$ dollars, nor any part thereof.

"Wherefore the plaintiffs demand judgment against the defendant for the sum of sixteen hundred and eighty-eight $\frac{38}{100}$ dollars and interest thereon, from the 20th of July, 1870, with the costs of this action."

The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action against the defendant. The demurrer was argued before Mr. Justice TAPPEN, who gave judgment for the defendant, holding that "If the relation between the parties be that of partners, and there has been no accounting and promise, the form of action must be for an accounting." From this decision and judgment plaintiffs appealed.

*Frederick T. Glover*, for appellants, cited Willard's Eq. Juris. 92; 1 Story's Eq. Juris., § 664, note; Code, §§ 159, 175; *Bradley* v. *Aldrich*, 40 N. Y. 504; *Wetherby* v. *Wood*, 29 How. 404; *Armitage* v. *Pulver*, 37 N. Y. 494; *Wright* v. *Hooker*, 10 id. 51; *Emery* v. *Pease*, 20 id. 92.

*N. B. Hoxie*, for respondent. No action at law can be maintained between partners in relation to partnership affairs, until after dissolution, final settlement and express promise to pay. 3 Kent's Com. (8th ed.) 37, and cases cited; Story on Part., § 219, *et seq.;* Gow on Part. 87, 88; Smith on Merc. Law, 45; *Casey* v. *Brush*, 2 Cai. 293; *Cummings* v. *Morris*, 25 N. Y. 625, 629; *Buel* v. *Cole*, 54 Barb. 353. The principles formerly governing forms of action control under the Code in determining rights of parties. *Cole* v. *Reynolds*, 18 N. Y. 74; *Eldridge* v. *Adams*, 54 Barb. 417.

BARNARD, P. J. We think the complaint sets out a cause of action. The plaintiffs and the defendant are stated therein to have entered into a partnership for one year, from July 20, 1869, in the manufacture of oil; the plaintiffs to furnish capital, and the plain-

tiffs to bear half the losses and the defendant half, and to share profits in same proportion. A loss is averred at the expiration of the partnership of $3,376.76, and the complaint asks to recover one-half thereof of defendant, namely, $1,638.88. If the facts are true, the plaintiffs will be entitled to recover. The partnership is terminated; a loss has been realized; and the defendant, in the article of agreement of copartnership, has agreed to pay one-half to plaintiffs.

If the answer admits the complaint, the plaintiffs will be entitled to recover a money verdict, as in an action at law. If an issue should be made by the answer, calling for an accounting, an accounting would be ordered; notwithstanding a money judgment is demanded in the complaint. The demurrer is simply to the prayer for judgment, and must be overruled.

Judgment is reversed, with leave to defendant to answer within twenty days, on payment of costs.

*Ordered accordingly.*